KLINGENSTEIN et al. v. BELSINGER et al.

(City Court of New York, General Term. February 28, 1901.)

REPLEVIN—PROPERTY—SALE—VOLUNTARY—RECOVERY—PRECLUDED.
    Where, in replevin to recover personalty in the possession of the sheriff which he had levied on as the property of S., the plaintiffs admitted a sale of the property to S., but did not prove that the sale was induced by false and fraudulent statements, the complaint was improperly sustained, since the plaintiffs had not proved that they were entitled to the possession of the property.

Appeal from trial term.

Replevin by Henry Klingenstein and others against Philip Belsinger and others. From a judgment in favor of plaintiffs, the defendants appeal. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Einstein & Townsend, for appellants.
A. A. Joseph, for respondents.

FITZSIMONS, C. J. The complaint alleges that on November 25, 1896, and at the time of the commencement of this action, plaintiffs were the owners of, and entitled to possession of, certain goods and chattels, valued at $795.46, which goods were in the possession and under the control of Sheriff Tamsen, who claimed the right to hold said chattels as the chattels of J. & J. Schoenfeld, against whom he held several executions in favor of Philip Belsinger and other persons. Subsequently, by consent, the above defendants were substituted as defendants in the action in place of the sheriff. The answer denies that plaintiffs are the owners of said goods, and alleges that J. & J. Schoenfeld were such owners at the time mentioned, and that the levy of the sheriff was rightful. Upon the trial, one of the plaintiffs testified that their firm sold and delivered the goods claimed to the Schoenfelds. No attempt was made by plaintiffs to prove that such sale was induced by any false or fraudulent statement made by said Schoenfelds; upon the contrary, it appears that such sale was willingly made. It was certainly the duty of the plaintiffs to prove ownership of these chattels. As above stated, it appears from their own testimony that they did not own them, and were not entitled to their return or possession, but that the Schoenfelds were the law-

ful owners, and therefore the levy of the sheriff, made by virtue of the executions mentioned, was rightful, and defendants' motion to dismiss the complaint should have been granted.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.